**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM THE UKRAINE ) | |
| IN THE MATTER OF ) | Misc. No. 07- |
| SPAN INVESTMENTS HOLDING, L.L.C. ) | |

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from the Ukraine. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Ukrainian authorities who are investigating a case of alleged smuggling.

EVIDENCE SOUGHT:

The Ukrainian authorities seek information from a company which resides in this District and the Delaware Secretary of State's Office. Thus, the information the Ukrainians seek may be obtainable here. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other

thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in the Ukraine and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled *ex parte*, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: /s/ David L. Hall
David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE   19801
(302) 573-6277

Dated: 4/13/07



**Public Prosecution of Ukraine**

# PROSECUTOR GENERAL'S OFFICE OF UKRAINE

13/15 Riznytska Str., Kyiv, 01011

---

**21** .09.07 № 14/2-28283-07  
To № _____ of _____

Mr. Rex Young  
Senior Counsel  
Office of International Affairs  
U.S. Department of Justice  
Suite 800  
1301 New York Ave., N.W.  
Washington, D.C., 20005

Dear Mr. Young,

The Prosecutor General's Office of Ukraine presents its complements to the Department of Justice of the United States of America and, in compliance with the provisions of the Treaty between Ukraine and the United States of America on Mutual Legal Assistance in Criminal Matters of 22.07.98, applies with the request for providing legal assistance.

The Investigation Division of the Department of the Security Service of Ukraine in Zakarpattia region is investigating the criminal matter № 363 initiated by the elements of crime envisaged by Section 2 of Article 201 of the Criminal Code of Ukraine – smuggling. In the course of investigation of the case a need to carry out investigative actions on the territory of the United States of America has arisen. In connection with this fact the enclosed request for providing legal assistance has been prepared.

Referring this request, the Prosecutor General's Office of Ukraine guarantees that the criminal matter doesn't have as an object the prosecution by political motives. All information and materials, which will be obtained in the course of execution of the request, will be used solely for the sake of the establishment of the objective truth in this criminal matter and won't damage the interests of the United States of America and its citizens.

Please inform the Prosecutor General's Office of Ukraine about results of the consideration of the request with reference to № 14/2-28283-07.

In case when the request can't be satisfied, please inform the Prosecutor General's Office of Ukraine about the reasons, which prevent it.

Enclosure: on 37 pages.

Respectfully yours,

Head
International Law Department
By: O.S.Pidgaynyy, tel. +38-044-288-83-15

V.V. Kasko

Translator of the Prosecutor General's Office of Ukraine:

A. Marchenko

**TO:** Department of International Affairs, Criminal and Legal Administration of the Department of Justice of the United States of America

**SUBJECT:** Request for the assistance in investigating the case No. 363 commenced with respect to the goods smuggling in large amount, committed by a group of persons according to preliminary collusion, i.e. the crime specified in art. 201, part 2 of the Criminal Code of Ukraine.

Ukraine appeals with the request for the US competent authorities' assistance in accordance with the Treaty between the United States of America and Ukraine concerning the assistance in criminal cases signed on July 22, 1998 in Kyiv.

The Inquiry Department of the Administration of Security Service of Ukraine in Transcarpathian province investigates the criminal case No. 363 commenced on February 27, 2007 by the public prosecution of Transcarpathian province related to the fact of illegal transfer across the Ukrainian customs border of the following goods: Polyvinyl chloride ONGROVIL S-5167 with concealment from the customs control by submitting to the Ukrainian customs authority the documents containing false data on the cost, sender and goods name.

The available documents related to this case specify that the American company **Span Investments Holding LLC** (legal address: USA, Delaware, Wilmington, Market street 1220 N, Suite 606), which bought the goods from the Hungarian company BorsodChem RT (Kazincbarcika), initiated the delivery of the contraband goods – Polyvinyl chloride ONGROVIL S-5167. It is expected that the Span Investments Holding LLC company disposed in its activity the account opened in the BRE Bank SA affiliation in Lublin, Polish Republic. Bank details: Branch 20-954 Lublin, Poland, account No. ███████████████

**The investigator asks for the following information:**

(1) Is the company **Span Investments Holding LLC** registered and does it operate on the US territory? If "yes", the investigator has to organize examination of the executive of this company named Gordon Hoes.

(2) The relevant documentation of the New York City bank is needed to clarify whether or not the American company **Span Investments Holding LLC** transferred to the BorsodChem RT company (Hungarian Republic) account the money for the contraband goods.

(3) The inquiry authority of Ukraine asks the relevant US authorities to keep confidentiality of the content of the present request to the extent specified by the US legislation, since the disclosure of information contained in this request could complicate identification of the persons guilty in committing the above crime.

The inquiry authority of Ukraine does assure the competent US authorities that information got in the course of request fulfillment will be used only to investigate this criminal case and to examine it at the court.

As it has been found in the course of investigation under the criminal case No. 363, during the period from June 6 to June 8, 2004 the Hungarian company BorsodChem Rt processed the wagons with the goods 'polyvinyl chloride – ONGROVIL S-5167', the goods code 39041000, total net weight 132,000 kg, shipped to the private company Tekhno-proekt (Ukraine, Rivne, 39 Gagarin street). In accordance with the export delivery notes and invoices No. 92050630 dated 06.06.2004, No. 92050717 dated 08.06.2004 and No. 92050718 dated 08.06.2004, the total cost of the above goods was 114,180 USD (i.e. 865 USD per 1 ton).

On June 10, 2004 the false invoices (with no change in their numbers) were presented at the customs point Railway Chop of the Chop customs specifying other sender, i.e. the Span Investments Holding LLC company, with the total invoice cost of 39,600 USD (i.e. 300 USD per 1 ton), which is 74,580 USD less than the initial cost. The goods code has also been changed from 39041000 (according to UKTZED – polyvinyl chloride not mixed with other materials) to 39042200 (plasticized polyvinyl chloride with other material impurities). The contract No. SP 24-12/03 dated 24.12.2003, concluded between the private company Tekhno-proekt and the company Span Investments Holding LLC was also presented to the customs authority. According to this contract, the Span Investments Holding LLC company (the Seller) delivered to the private company Tekhno-proekt (the Buyer) the goods – a polyvinyl chloride-based mixture, grade ON. S-5167, produced by the Hungarian company BorsodChem Rt. This contract specified the amount of delivery of 25,000 tons to the tune of 7,500,000 USD (i.e. 300 USD per 1 ton).

Later on, on June 18, 2004, the Rivne customs made customs clearance of the above goods taking into account the reduced invoice cost of the goods, namely – 39,600 USD or 210,731.40 UAH (actual cost – 114,180 USD), and the changed name and code of the goods, namely – from the 'polyvinyl chloride not mixed with other materials, grade ONGROVIL S-5167, code 3904100000', to 'powdered plasticized polyvinyl chloride with other material impurities, grade COMPAUND ON, S-5167, code 3904220000'. Such actions resulted in the customs duty underpayment to the total of 105,560.45 UAH.

In accordance with notification of the representatives of the Hungarian company BorsodChem Rt., this company had no relations with the Span Investments Holding LLC company and concluded no contracts concerning the delivery (transportation) of polyvinyl chloride. The above goods 'polyvinyl chloride not mixed with other materials, grade ONGROVIL S-5167, code 3904100000', were delivered to the private company Tekhno-proekt in accordance with the phone

requests/orders made by Yuriy Boyko (contact person of the Tekhno-proekt company). Representatives of the Hungarian company BorsodChem Rt. informed that just according to the request of the Ukrainian partner they indicated in the accompanying documents the Span Investments Holding LLC company as the Buyer and the Tekhno-proekt company as the consignee. Representatives of the Hungarian company BorsodChem Rt. also informed that the goods named 'polyvinyl chloride not mixed with other materials, grade ONGROVIL S-5167, code 3904100000', cost – 865 UAD per 1 ton, were delivered to the Ukrainian company.

The documents available in the criminal case materials testify that transportation and forwarding servicing of the import goods for the Span Investments Holding LLC company was carried out by the Limited Liability Company ARGO Ukraine, which took the liability to organize transportation of the goods and had a contract No. 17 dated 18.07.2007 concluded with the Span Investments Holding LLC company represented by a director Gordon Hoes.

**Disposition of article 201 of the Criminal Code of Ukraine – "Smuggling"**

**Part 1 of art. 201**

Smuggling, i.e. transfer of goods across the customs border of Ukraine out of the customs control or with concealment from the customs control, realized in large amount, as well as illegal transfer of historical and cultural values, toxic, strong, radioactive or explosive materials, weapons and armament (exclusive of the smooth-bore game guns and armament), as well as smuggling of the strategically important raw materials governed by the relevant rules of exporting outside Ukraine specified by the law.

**Part 2 of art. 201**

The same actions made in accordance with preliminary collusion of group of persons or by the person, which was previously convicted for the crime specified by this article.

*Note:* Smuggling is considered to be made in large amounts if the cost of the goods more than thousand times exceeds not taxed minimum of income of citizens.

**Banking details of the Span Investments Holding LLC company:**

USA, Delaware, Wilmington,
Market street 1220N, Suite 606
Bank: BRE BANK SA
Branch 20-954 Lublin, Poland
Account No. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
SWIFT: ▇▇▇▇▇▇▇▇

**Banking details of the BorsodChemRt. company:**

H-3702, Kazincbarcika P.O. Box 208
Bolyai Ter.1, Hungary
K&H BANK, Miskolc, account No. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇

3

**Banking details of the ARGO Ukraine LLC:**

Ukraine, 88015, Uzhgorod – 15, P.O. Box 110
Account no. ████████
Bank: Uzhgorod Branch Commercial Bank PRIVATBANK
SWIFT code – PBANUA 2X Ukraine
INTERMEDIARY BANK – J.P. MORGAN CHASE BANK
7th floor – Brooklyn, New York, 11245, USA
Account ████████
Chasus 33

### NECESSARY ASSISTANCE

The investigator suspects that the Span Investments Holding LLC company is a dummy company and its banking details were used by the executives of the Ukrainian private company Tekhno-proekt in the false documents concerning deliveries to this Ukrainian company of polyvinyl chloride as the banking details of the company-consignor in order to reduce the cost of the goods and to change the name of the goods with the aim to elude customs duties and other mandatory payments.

### NECESSARY DOCUMENTS

We do hereby kindly ask for the full information (as well as for the copies of supporting documents) concerning the establishment (registration) of the Span Investments Holding LLC company on the US territory as well as concerning the persons, which possessed the company seal(s) and were authorized to use the above seal(s) and to sign the contracts on behalf of this company.

### NECESSARY TESTIMONIES

It is necessary to find and examine as the witness the director of the Span Investments Holding LLC company **Gordon Hoes** (and, if necessary, other executives of this company) on the following issues:

- what country is the country of origin of the witness, did he reside earlier on the territory of Ukraine or any other former USSR republic, and, provided he did, in what country did he reside;
- is he acquainted with the habitants of Rivne city (Ukraine), and, provided he is, when, where and in what circumstances did he get acquainted and in what relations is he now with them and does he keep contacts with them;
- what kind of activity does the Span Investments Holding LLC company carry out;
- did the Span Investments Holding LLC company deal with the sales of the goods 'powdered plasticized polyvinyl chloride with other material impurities, grade COMPAUND ON, S-5167, code 3904220000', and, provided it did, what was the source of this material;

4

- did the Span Investments Holding LLC company deliver the above goods to the Ukrainian companies, and, provided it did, which company(ies) were the above goods delivered to;
- do the business relations between the Span Investments Holding LLC company and the Ukrainian private company Tekhno-proekt (39 Gagarin street, Rivne Ukraine) exist, and, provided they do, whom of the managers of the private company Tekhno-proekt the witness is acquainted with personally; when, where and in what circumstances did they get acquainted;
- what kind of relations and since what time does connect the Span Investments Holding LLC company and the Ukrainian private company Tekhno-proekt;
- was the contract between the Span Investments Holding LLC company and the Ukrainian private company Tekhno-proekt concerning the delivery of the goods (a polyvinyl chloride-based mixture, grade ON. S-5167, produced by the Hungarian company BorsodChem Rt.) concluded by the director of this company or by any other executive of this company, and, provided it was, when, where and in what circumstances, in what form, and where the copies of this contract are available;

   *(in the case of positive answer we kindly ask you to send us a copy of the above contract)*
- did the agreement exist between the executives of the Span Investments Holding LLC company and those of the Ukrainian private company Tekhno-proekt concerning the delivery of the goods (polyvinyl chloride not mixed with other materials, grade ONGROVIL S-5167, code 3904100000) under the name 'a polyvinyl chloride-based mixture, grade ON. S-5167, produced by the Hungarian company BorsodChem Rt., code 3904220000', and, provided it existed, when, where and in what circumstances did the above agreement arise, who was an initiator of such delivery, and what was the cost of the goods (per 1 ton) to be delivered by the Span Investments Holding LLC company to the Ukrainian private company Tekhno-proekt;
- what is the source of the goods named 'a polyvinyl chloride-based mixture, grade ON. S-5167, produced by the Hungarian company BorsodChem Rt., code 3904220000', when, where, from whom, for what amount and in what circumstances the above goods were purchased (received);
- did the business relations between the Span Investments Holding LLC company and the Hungarian company BorsodChem Rt. exist during the period from December 2003 to 2004, and, provided they did, whom of the managers of the Hungarian company BorsodChem Rt. the witness is acquainted with personally; when, where and in what circumstances did they get acquainted;

5

- is the witness acquainted with the executive of the Hungarian company BorsodChem Rt. Annamaria Boda, and, provided he is, when, where and in what circumstances did they get acquainted;
- what was the role played by the representative of the Hungarian company BorsodChem Rt. Annamaria Boda in the deliveries to the Ukrainian private company Tekhno-proekt;
- what kind of activity and since what time does connect the Span Investments Holding LLC company with the Hungarian company BorsodChem Rt.;
- was the contract between the Span Investments Holding LLC company and the Hungarian company BorsodChem Rt. concerning the delivery to the Ukrainian private company Tekhno-proekt of the goods (a polyvinyl chloride-based mixture, grade ON. S-5167, produced by the Hungarian company BorsodChem Rt.) concluded by the director of this company or by any other executive of this company, and, provided it was, when, where and in what circumstances, in what form, and where are the copies of this contract;

    *(in the case of positive answer we kindly ask you to send us a copy of the above contract)*
- did the agreement exist between the executives of the Span Investments Holding LLC company and those of the Hungarian company BorsodChem Rt. concerning the delivery in December 2003–2004 to the Ukrainian private company Tekhno-proekt of the goods named 'polyvinyl chloride not mixed with other materials, grade ONGROVIL S-5167, code 3904100000' under the name 'a polyvinyl chloride-based mixture, grade ON. S-5167, produced by the Hungarian company BorsodChem Rt., code 3904220000', and, provided it existed, when, where and in what circumstances did the above agreement arise, what was the sense of this agreement; what was the cost of the goods, which the Hungarian company BorsodChem Rt. undertook before the American company Span Investments Holding LLC to deliver to the Ukrainian private company Tekhno-proekt;
- did the Hungarian company BorsodChem Rt. in December 2003–2004 deliver to the Ukrainian private company Tekhno-proekt the goods named 'polyvinyl chloride not mixed with other materials, grade ONGROVIL S-5167, code 3904100000', and, provided it did, what is the witness' source of this information;
- is the witness aware of the cost (per 1 ton) of the goods named 'polyvinyl chloride not mixed with other materials, grade ONGROVIL S-5167, code 3904100000' delivered by the company BorsodChem Rt. in December 2003–2004 to the Ukrainian private company Tekhno-proekt, and what were the relevant supporting documents;

6

- who, when and where and in what circumstances negotiated the delivery of the goods named 'polyvinyl chloride not mixed with other materials, grade ONGROVIL S-5167, code 3904100000' to the Ukrainian private company Tekhno-proekt;
- who, when, through what banking institutions or in what circumstances did settle payments with the Hungarian company BorsodChem Rt. for the delivery to the Ukrainian private company Tekhno-proekt of the above goods;
- who, when, through what banking institutions or in what circumstances did settle payments from the side of the Ukrainian private company Tekhno-proekt with the American company Span Investments Holding LLC for the delivery of the above goods;
- did the Ukrainian private company Tekhno-proekt settle payments for the delivered goods, and, provided it did, through what banking institutions or in what circumstances and to what amount were the money transferred for the goods named 'a polyvinyl chloride-based mixture, grade ON. S-5167, produced by the Hungarian company BorsodChem Rt., code 39042200' (each transfer);
- did the executives of the company Span Investments Holding LLC execute supporting documents for the goods named 'a polyvinyl chloride-based mixture, grade ON. S-5167, produced by the Hungarian company BorsodChem Rt.' with the aim to carry out their customs clearance at the customs authorities of Hungary and Ukraine, and, provided they did, what were the above documents and what executives of the company executed them, what cost of the goods was specified in these documents;
- who, when and in what circumstances did receive the supporting documents, in particular, invoices, according to which the American company Span Investments Holding LLC later delivered the goods to the Ukrainian private company Tekhno-proekt, and what cost was specified in the invoice;
- what was the interest of the American company Span Investments Holding LLC in purchasing the above goods from the Hungarian company BorsodChem Rt. at the price of 865 USD per 1 ton and selling the above goods to the Ukrainian company at the price of 300 USD per 1 ton.;
- who and on what strength provided the American company Span Investments Holding LLC with the forwarding services related to the railway transportation (delivery) of polyvinyl chloride to the Ukrainian private company Tekhno-proekt;
- did the American company Span Investments Holding LLC contacted the Limited Liability Company ARGO Ukraine concerning the conclusion of the forwarding service contract for the delivery of the above goods by railway transport to the Ukrainian private company

Tekhno-proekt, and, provided it did, who, when, where and in what way signed this contract, what the conditions of payment did this contract specify;
- if so, whom of the managers (executives) of the LLC ARGO Ukraine the witness is acquainted with, what was the way of the American company Span Investments Holding LLC communication with the representatives of the LLC ARGO Ukraine;
- did the American company Span Investments Holding LLC pay the forwarding services provided by the LLC ARGO Ukraine, and, provided it did, what were the method of payment and paid amounts;
- who, when, through what banking institutions and in what circumstances did settle payments with the Ukrainian forwarding company LLC ARGO Ukraine for rendered forwarding services when delivering the above polyvinyl chloride goods by railway transport to the Ukrainian private company Tekhno-proekt.

We do kindly ask you to present to the witness in the course of examination the copies of invoices No. 92050630 dated 06.06.2004, No. 92050717 dated 08.06.2004 and No. 92050718 dated 08.06.2004 concerning the goods named 'a polyvinyl chloride-based mixture, grade ON. S-5167, produced by the Hungarian company BorsodChem Rt., code 3904220000', price 300 USD (per 1 ton) and clarify as follows:
- who, when, with what purpose and in what circumstances did execute the above invoices;
- who, when and in what circumstances did sign the above invoices and affix a seal of the Span Investments Holding LLC company;
- who, when and in what circumstances did present the above invoices to the Ukrainian customs authority, what documents were presented together with the above invoices.

We do kindly ask you to present to the witness in the course of examination the copy of the Contract No. SP-24-12/03 dated 24.12.2003 concluded between the private company Tekhno-proekt and the Span Investments Holding LLC company concerning the delivery of the goods named 'a polyvinyl chloride-based mixture, grade ON. S-5167, produced by the Hungarian company BorsodChem Rt.', as well as the copy of the Contract No. 17 dated 18.07.2002 concluded between the Span Investments Holding LLC company and the Ukrainian forwarding company LLC ARGO Ukraine and clarify as follows:
- who, when, in what circumstances and with what purpose did execute and sign the above contracts, how do the Parties exchange the copies of the above contracts;
- did the Parties fulfill the terms and conditions of the above contracts, and, provided they did, in what circumstances were the terms and conditions of payment and delivery of the goods to the Ukrainian private company Tekhno-proekt fulfilled.

8

In the case of finding the director of the Span Investments Holding LLC company Gordon Hoes we do kindly ask you to take the samples of his **personal signature and handwriting**, as well as to take the samples of the **seal print** of the Span Investments Holding LLC company (the relevant investigator's resolution are enclosed).

### REQUEST FULFILLMENT PROCEDURE

In order to carry out the witness examination and to prepare the examination results, as well as to receive the samples of signature and seal print it is necessary to send a request to the relevant US authorities concerning and ask them to:

1. Start witness' examination and clarify his full name, current address of residence, the date and place of birth.
2. Notify the witness that he is not obliged to answer the questions about his person, the members of his family or close relatives. He also should be notified that he could be committed for criminal trial for false answers to any other questions.
3. Ask the questions, which must be answered.
4. Record all the above information in a form of examination record. This record should contain: 1) the personal data provided by the witness; 2) briefing stating that the relevant US authority has informed the witness about his right not to answer the questions concerning his person, the members of his family and/or close relatives, but his answers to any other questions must be true, otherwise he could be committed for criminal trial; 3) the questions and relevant answers.
5. It is also necessary to: 1) read him the recorded questions and answers, or 2) ask the witness to read the above questions and answers independently.
6. Indicate in the examination record whether or not the representative of the US competent authority read the questions and answers and whether or not the witness read the above questions and answers independently.
7. Any sheet of the above record should be signed by the witness. Then the record should be signed by the representative of the US competent authority, who carried out the above examination.
8. Taking signature and handwriting samples. The record should contain: 1) the personal data of the person, whose signature and handwriting samples were taken or the data about the company – the seal bearer; 2) the data about the position and the name of the representative of the US competent authority, who took the samples.
9. Any sheet of the above record should be signed by the person, who provided the above signature and handwriting samples as well as by the person, who provided the company seal. Then the record should be signed by the representative of the US competent authority, who took the above samples.

9

**CONTACT PERSON**

In the case of any queries concerning this request or its execution please do not hesitate to contact the investigator of the 1st branch of inquiry department of the Administration of Security Service of Ukraine in Transcarpathian province Mr. Oleksandr Semenov (tel.: 38-0312-691320).

You are kindly asked to send the documents executed in the course of fulfillment of the above request to the following address: Inquiry Department of the Administration of Security Service of Ukraine in Transcarpathian province, 3 Dovzhenko street, 88 000 Uzhgorod, Transcarpathian province, Ukraine.

**Annexes:**

- the copies of invoices No. 92050630 dated 06.06.2004, No. 92050717 dated 08.06.2004 and No. 92050718 dated 08.06.2004 –            on 3 sheets;
- a copy of the contract No. SP 24-12/03 dated 24.12.2003 concluded between the private company Tekhno-proekt and the Span Investments Holding LLC company –  on 3 sheets;
- a copy of the contract No. 17 dated 18.07.2002 concluded between the Span Investments Holding LLC company and the Ukrainian forwarding company LLC ARGO Ukraine and its translation –        on __11__ sheets;
- resolutions concerning taking the signature and handwriting samples and seal prints and translations –        on __4__ sheets.

Head of Inquiry Department
of the Administration of
Security Service of Ukraine
in Transcarpathian province                                                                A. Durnevych

Date: __23   08__

10

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST )<br>FROM THE UKRAINE )<br>IN THE MATTER OF )<br>SPAN INVESTMENTS HOLDING, L.L.C. ) | Misc No. 07- |

<u>ORDER</u>

Upon application of the United States of America; and upon examination of a letter of request from the Ukraine whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in the Ukraine and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from Ukrainian authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in the Ukraine, which procedures may be specified in the request or provided by the Ukrainian authorities;

4. seek such further orders of this Court as may be necessary to execute this request; and

5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Ukrainian authorities.

IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated: This _____ day of _____, 2007.

_____
United States District Court Judge